UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Honorable Patty Shwartz**  U.S. Post Office & Courthouse Bldg.
**United States Magistrate Judge**  Federal Square, Newark, NJ  07101
  (973) 645-6596

December 18, 2007

## LETTER OPINION & ORDER

Kelvin Mclean, pro se  Joel M. Miklacki
Bayside State Prison  300 Broadacres Drive
Route 47, P.O. Box F-1  Bloomfield, New Jersey 07003
Leesburg, NJ 08327

  James Joseph Frega
Karen M. Buerle  Perconti & Cook, Esqs.
Grieco, Oates & DeFilippo, LLC  886 Belmont Avenue
414 Eagle Rock Avenue  North Haledon, New Jersey 07508
Suite 200
West Orange, New Jersey 07052


**RE: MCLEAN v. CITY OF PATERSON, et al**
**Civil Action No. 07-3675 (KSH)**

Dear Litigants:

   The Court is in receipt of Kelvin Mclean's ("plaintiff") requests for appointment of pro bono counsel under 28 U.S.C. § 1915(e)(1), dated November 16, 2007 and December 11, 2007. For the reasons set forth below, the plaintiff's request is denied.

### BACKGROUND

   On July 25, 2007, the plaintiff submitted a Complaint and an application to proceed in forma pauperis ["IFP"]. On August 29, 2007, the plaintiff's application to proceed IFP was granted and his Complaint was filed against all defendants except the Paterson Police Department. See Order, dated August 29, 2007.

   In the Complaint, plaintiff alleges that on September 7, 2005, the defendants conducted a warrantless search of his person and his property, without having satisfied an exception to the

warrant requirement, in violation of the Fourth Amendment of the United States Constitution and Article I of the New Jersey Constitution.  See Compl. at ¶ 6.  The plaintiff also alleges that the defendant officers initiated a malicious and vindictive prosecution in which the defendants committed perjury to establish probable cause for said warrantless search.  Id.  In addition, the plaintiff alleges various tort claims arising out of the defendants' conduct.[1]  Id.

On November 16, 2007, plaintiff filed this application for the appointment of counsel.  In his application, plaintiff argues that he is entitled to counsel because: (1) his claim has merit; (2) he is incarcerated; (3) he lacks the ability to present effectively the merits of his case owing to his lack of understanding of the complex legal issues involved; and (4) he is unable to afford or obtain counsel.  See App. for Counsel, dated November 16, 2007, at ¶¶ 3 & 4.  In his December 11, 2007 application, plaintiff repeats his arguments concerning his lack of legal knowledge and means to retain counsel.  He also argues that he has received no help from the law library at Bayside State Prison.  For counsel, dated November 11, 2007, at ¶ 3.

## DISCUSSION

There is no constitutional or statutory right to appointed counsel for indigent civil litigants.  Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997).  Nonetheless, Congress gives district courts broad discretion in determining whether to appoint counsel for indigent civil litigants.  See 28 U.S.C. § 1915 (e)(1); Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993).  When asked to consider such a request, the Court must first consider, "as a threshold matter, the merits of the plaintiff's claim."  Tabron, 6 F.3d at 155.  If the Court determines that the plaintiff's claim has arguable merit, then the Court should consider the following additional factors:

(1) the plaintiff's ability to present his case;
(2) the difficulty of the particular legal issues;
(3) the degree to which factual investigations will be necessary and the ability of the plaintiff to pursue an investigation;
(4) the extent to which a case is likely to turn on credibility determinations;
(5) whether the case will require testimony from expert witnesses; and
(6) the plaintiff's capacity to retain counsel on his own behalf.

Id. at 156-57.  The decision to appoint counsel "must be made on a case-by-case basis."  Id.  Assuming for the purposes of this analysis that the plaintiff's claims have merit, the Court considers the Tabron factors to determine if appointed counsel is warranted.

---

[1] The plaintiff specifically alleges the following claims: 1) negligence, 2) gross negligence, 3) wanton negligence, 4) conspiracy tort, 5) willful blindness, 6) intentional infliction fo emotional distress, 7) negligent infliction of mental distress, 8) intentional interference of property, 9) intentional destruction of property, 10) negligent destruction of property, 11) trespass, 12) false arrest, 13) false imprisonment 14) misuse of legal procedure, 15) abuse of process, 16) wilful misconduct, 17) false swearing, and 18) extreme outrage.  See Compl. at ¶ 3.

First, the Court considers the plaintiff's ability to present his or her own case. Generally, the Court should consider the plaintiff's education, literacy, the existence of any language barriers, prior work experience, prior litigation experience, and the restraints placed upon the plaintiff by virtue of his confinement. Id. at 156. This also includes consideration of the availability of equipment such as typewriters, photocopiers, telephones and computers. Id. Here, although the plaintiff is currently incarcerated, see App. for Counsel at ¶ 3, he has not contended that he lacks access to equipment such as typewriters, photocopiers, telephones and computers. Furthermore, the plaintiff is literate and is able to clearly present his case as evidenced by his Complaint and Letter Brief, dated September 12, 2007, ("Pl.'s Letter Br.") submitted in support of his Complaint. In plaintiff's Letter Brief, for example, plaintiff clearly demonstrates his capacity to understand the relevant legal issues involved in his causes of action and facts required to support them. See Pl.'s Letter Br. at 1-3. Moreover, plaintiff has demonstrated his ability to follow court procedures at this early stage in the litigation and has not presented evidence of any inability that would inhibit the prosecution of his case.[2] Accordingly, since the plaintiff is able to present his claims in a coherent manner and does not appear to be clearly disadvantaged by inexperience with litigation procedures, this factor weighs against appointing counsel.

The second factor for consideration is the degree to which the legal issues presented in the case are complex. The Third Circuit has explained that "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." Tabron, 6 F.3d at 156 (citing Maclin v. Freake, 650 F.2d 885, 889 (7th Cir. 1981)). Here, the legal issues presented are not complex. There is well-established law regarding unlawful searches, the elements that constitute malicious prosecution, and the various tort theories the plaintiff asserts in his Complaint. In fact, the plaintiff has demonstrated his understanding of the legal issues relevant to his claims as he accurately articulates the protections of the Fourth Amendment as it relates to his claims and details some of the applicable exceptions to these protections. Furthermore, plaintiff's letter brief demonstrates that the plaintiff understands the nature of his claims and the associated elements, and it appears that he has access to a the spectrum of legal resources as he cites to Black's law dictionary, Prosser and Keeton on Torts (5th Ed.), as well as New Jersey statutes and caselaw. See Pl.'s Letter Br. at 1-3. Accordingly, this factor also weighs against appointing counsel.

Third, the Court must consider the degree to which a factual investigation will be necessary and the ability of the plaintiff to pursue an investigation. The Tabron court noted that courts should consider the difficulty incarceration imposes upon prisoners in pursuing factual investigations. 6 F.3d at 156. Further, courts should consider whether the claims are likely to require extensive discovery and compliance with complex discovery rules. Id. Here, discovery

---

[2]With regard to plaintiff's ability to follow litigation procedures, it is noted that plaintiff had been asked twice to submit United States Marshal form 285, which must be completed in conjunction with his Complaint for each named defendant to be served. Despite the difficulty in submitting these documents in the first instance, the plaintiff demonstrated his ability to write to the Court and resolve whatever procedural deficiencies existed.

will focus on the facts surrounding the defendant officers' alleged warrantless search and whether defendants perjured themselves during the criminal case. To the extent that factual investigations are necessary, the plaintiff may conduct a factual investigation via interrogatories, document demands, and other discovery devices. The plaintiff has not shown that such tools are insufficient or that his incarceration presents a logistical impediment to investigating the facts that necessitates appointing counsel. Thus, this factor weighs against the appointment of counsel.

Fourth, the Court must consider the extent to which a case is likely to turn on credibility determinations. The Third Circuit has stated "when considering this factor, courts should determine whether the case was solely a swearing contest." See Parham, 126 F.3d at 460 (emphasis added). Here, it appears plaintiff contends that the officer defendants made judgment errors as to the existence of circumstances that would give rise to probable cause to justify a warrantless search and, therefore, they committed perjury by representing that probable cause indeed existed. See Pl.'s Letter Br. at 2 & 3. While counsel may provide some assistance to plaintiff in challenging defendants' account, plaintiff has not shown that the case is "solely a swearing contest." See Parham, 126 F.3d at 460. Since the plaintiff has not shown any evidence that his case relies solely upon credibility determinations, this factor also does not weigh in favor of appointment of counsel at this juncture.

Fifth, while appointed counsel may be warranted where a case requires testimony from expert witnesses, there is no indication that expert testimony will be needed to address the issues in this case. Thus, this factor weighs against the appointment of counsel.

Sixth, the Court must consider the plaintiff's capacity to retain counsel on his own behalf. Plaintiff's indigency alone is not a basis to appoint counsel and this fact, in the absence of other Tabron factors, does not support the request to appoint counsel, particularly given the scarce supply of attorneys available to accept pro bono assignments. See Tabron, 6 F.3d at 157. Given the plaintiff's demonstrated ability to articulate his claims, understand the legal issues involved, and conduct factual investigation using various discovery tools, as well as his access to legal materials appointment of counsel is not warranted.

## CONCLUSION

For the foregoing reasons, the Court denies plaintiff's application for the appointment of pro bono counsel.

                                                      **SO ORDERED.**

                                                      s/Patty Shwartz
                                                      United States Magistrate Judge