<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KELVIN MCLEAN, : | |
| : | |
| Plaintiff, : | Civil Action No. 07-3675 (KSH) |
| : | |
| v. : | |
| : | OPINION |
| CITY OF PATERSON, ET AL., : | |
| : | |
| Defendants. : | |

**SHWARTZ, Magistrate Judge**

This matter is before the Court by way of the plaintiff's motion for leave to file an Amended Complaint to add two new parties. For the reasons set forth below, the plaintiff's motion is granted in part and denied in part.

I. BACKGROUND

According to the original Complaint, on September 7, 2005, the plaintiff alleges that he was searched without a warrant and without an exception to the warrant requirement, and was thereafter prosecuted without probable cause. Complaint, filed Aug. 29, 2007 at ¶ 6. As a result, on August 29, 2007, the plaintiff, proceeding pro-se, filed the instant action against the City of Paterson, Paterson Police Department, Detective Sergeants Troy Bailey, Mason Maher, Detectives Mariano Formentin, Ronald Altman, John Does 1-10 and "XYZ" ("Defendants") for violations of Federal and State law.[1] The defendants filed Answers on November 27, 2007,

---
[1] The plaintiff seeks relief under 42 U.S.C. § 1983 because the defendants allegedly violated his rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments. In addition, the plaintiff asserts claims for "negligence, gross negligence, wanton negligence, conspiracy tort, willful blindness, intentional infliction of mental distress, negligent infliction of mental distress, intentional interference of property, intentional destruction of property, trespass,

November 28, 2007, December 6, 2007, and January 2, 2008. Docket Entry Nos. 15, 17, 22, 23, 28.

By way of motion dated April 28, 2008, the plaintiff seeks to amend his Complaint to add Detective A. DeSopo ("DeSopo") and Chief of Police James Wittig[2] ("Wittig") as defendants (collectively referred to as "new defendants"). See Proposed Amended Compl. at 5b. The plaintiff alleges that DeSopo violated and conspired to violate the plaintiff's civil rights. The plaintiff alleges that Wittig is responsible for the conduct of the officers based on respondeat superior. Id. The plaintiff argues that the new defendants would have been named in the original Complaint but for a mistake concerning their identities. With respect to DeSopo, it appears that the plaintiff argues that he did not include him in the original Complaint because DeSopo's name did not appear as a signatory to the investigative report. Plaintiff does not explain why Wittig was not named as an original defendant.

The defendants argue that the plaintiff should not be permitted to amend his Complaint because: (1) his submission is not completely legible, (2) the proposed amendment will delay the action, (3) the statute of limitations has run, and (4) the claims against the new defendants do not relate back to the date the original complaint was filed because: (a) there is no showing that the plaintiff was unable to determine Wittig's identity before the statute of limitations expired and (b) plaintiff has not shown that the new defendants had constructive notice of his claims through

---

false arrest, false imprisonment, misuse of procedure, abuse of process, wilful misconduct, false swearing and extreme outrage. See Compl. at ¶6.

[2] The plaintiff improperly refers to the Chief of Police is James Tittig. The correct spelling of Paterson's Chief of Police is Wittig. See Certification of James J. Frega ("Frega Cert.") dated May 7, 2008 at ¶ 3.

a shared attorney or an identity of interest with a named defendant.

## II. DISCUSSION

### A. Standard

Claims brought under Section 1983 are subject to state statutes of limitations governing personal injury actions. Garvin v. City of Philadelphia, 354 F.3d 215, 220 (3d Cir. 2003). In New Jersey, a two-year statute of limitation governs personal injury actions. Cruz v. City of Camden, 898 F.Supp. 1100, 1106 -1107 (D.N.J. 1995)(citing Wilson v. Garcia, 471 U.S. 261 (1985) and Callwood v. Questel, 883 F.2d 272 (3d Cir.1989)). The plaintiff alleges that the events giving rise to the instant claims occurred on September 7, 2005, and thus the two-year statute of limitations to file claims arising out of the events on that date has passed. See Pl.'s Mot. at 2. The Court must therefore consider whether or not the proposed amendment can relate back to the originally filed complaint.

Federal Rule of Civil Procedure 15(c), which governs the relation back of amendments to the pleadings, states, in relevant part:

> An amendment of a pleading relates back to the date of the original pleading when (1) relation back is permitted by the law that provides the statute of limitation applicable to the action, or (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, or (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2) is satisfied and, within the period provide by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed. R. Civ. P. 15(c). Thus, under Rule 15(c), to add a defendant a plaintiff must satisfy both Rule 15(c)(2) and (c)(3). Tosado v. Borough of Spotswood, Civ. No. 05-5112, 2007 WL 432793, *5 (D.N.J. Feb. 5, 2007). As such, when a proposed amendment seeks to add a defendant, the plaintiff must show: (1) the claims against the party arise out of the conduct that is set forth in the original pleading; (2) the proposed defendant received notice of the action within the time frame under Federal Rule of Civil Procedure 4(m) for service of the original complaint; (3) the proposed defendant would not be prejudiced in maintaining a defense, and (4) the proposed defendant knew or should have known that, but for the mistake concerning his identity, the action would have been brought against the proposed defendant. Garvin, 354 F.3d at 222; Vasquez v. Mill, Civ. No. 03-3905, 2006 WL 2789914, *4 (S.D.N.Y. Sept. 25, 2006). The Court now considers each factor.

    i. Same Transaction or Occurrence

Here, there is no dispute that the claims that the plaintiff seeks to assert against DeSopo and Wittig arose out of the occurrences set forth in the original Complaint. Thus, this factor is satisfied.

    ii. Notice

The Court must next consider whether the proposed defendants had notice of this action. Singletary v. Penn. Dept. of Corrections, 266 F.3d 186, 196 (3d Cir. 2001). A plaintiff can satisfy this factor through proof of actual notice or he can show that notice should be imputed upon these defendants through either the "shared attorney" or the "identity of interest" methods. Id. The "shared attorney" method permits a finding of notice based on the notion that when the originally named party and the proposed parties are represented by the same attorney, "the

attorney is likely to have communicated to the latter party that he may very well be joined in the action."  Id. at 196.  Under the "identity of interest" approach, notice is based on the view that "the parties are so closely related in their business operations or other activities that the institution of an action against one serves to provide notice of the litigation to the other."  Id. at 197 (quoting 6A Charles Alan Wright et al., Federal Practice & Procedure § 1499, at 146 (2d ed.1990)).  Under the identity of interest method, however,  "'absent other circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes.'"  Garvin, 354 F.3d at 227 (quoting Singletary, 266 F.3d at 200).  For the reasons set forth below, the "shared attorney" basis for notice is not applicable and the identity of interest method provides a basis to impute notice upon Wittig only.

        a. Shared Attorney

There is nothing in the record to indicate that the new defendants and the existing defendants share legal representation.  To the contrary, the record indicates that the existing defendants City of Paterson, Paterson Police Department, and Mason Maher, and the new defendants do not share legal representation.  See Certification of Joel M. Miklacki ("Miklacki Cert.") dated May 12, 2008 at ¶¶ 4-7; Certification of Karen M. Buerle ("Buerle Cert.") dated May 12, 2008 at ¶¶ 3-7; See generally Docket Entry Nos. 15, 17, 19, 22, 23, and 28.  The Certification from counsel for defendant Ronald Altman is silent on this subject, Certification of James Frega, dated May 7, 2008, and the plaintiff has presented no evidence to show that Mr. Frega represents either new defendant.  As such, the plaintiff has not shown that the new

defendants have received constructive notice through shared legal representation.

        b. <u>Identity of Interest</u>

As to Wittig, the record reflects that notice may be imputed upon him based on the identity of interest method. First, he is the chief of police of the Paterson Police Department, an entity named as a defendant in the original complaint. As the Chief of the defendant Paterson Police Department, the defendants are hard-pressed to argue that he did not have knowledge of a lawsuit naming the department itself and the officers under his supervision. See <u>Lockwood v. City of Philadelphia</u>, 205 F.R.D. 448, 451 (E.D.Pa. 2002)(stating that "Rule 15(c) does not require actual service of process on the newly named defendant to satisfy the notice requirement. See <u>Singletary</u>, 266 F.3d at 195. If an employee with reason to expect his potential involvement hears of the commencement of the lawsuit through informal means, he has sufficient notice.")(citing <u>Varlack v. SWC Caribbean, Inc.</u>, 550 F.2d 171, 175 (3d Cir.1977)). Second, as the public official in charge of a named defendant agency, Wittig should be aware of plaintiff's Section 1983 claims. See <u>Mosely ex rel Jackson v. City of Chicago,</u> Civ. No. 03-4915, 2008 WL 818261, *4 (N.D.Ill. March 21, 2008)(stating that "public officials are charged with the knowledge that they are the appropriate targets of Section 1983 suits.")(quoting <u>Donald v. Cook County Sheriff's Dept.</u>, 95 F.3d 548, 557 (7th Cir.1996)). Thus, notice of this action may properly be imputed upon Chief Wittig under the identity of interest method.[3]

---

[3] Under Rule 15 (c), the notice must have been received within the period for service under Rule 4(m). Federal Rules of Civil Procedure Rule 4(m) states that "[i]f a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Thus, Wittig must have received notice of this action within 120 days after the Complaint was filed. Wittig has received notice based upon his high level management position with named defendant Paterson Police

As to DeSopo, the record does not show that he had actual notice of this lawsuit. Moreover, there is nothing in the record that explains his role or relationship with the defendants from which the Court can infer that he has notice of the suit. The fact that DeSopo is employed as a non-management police officer for defendant Paterson Police Department, without more, is insufficient to impute notice upon him because he lacks a "sufficient nexus of interests with his . . . employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes.'" Garvin, 354 F.3d at 227 (citing Singletary, 266 F.3d at 200). This is because individual police officers are "not highly enough placed in the [city] hierarchy . . . to conclude that [their] interests as . . . employee[s] are identical to the [city's] interests." Garvin, 354 F.3d at 227 (citing Singletary, 266 F.3d at 199). Because DeSopo is a nonmanagement employee and there is nothing before the Court on which it can infer notice based upon his role or relationship with the other defendants, notice cannot be properly imputed upon DeSopo under the identity of interest method. Because notice to DeSopo has not been established, the Court need not consider the prejudice or mistake factors as they relate to him.

iii. Prejudice

As to prejudice to Wittig, there is nothing in the record to suggest that the adding him at this time is prejudicial. Harris-Correa v. Yamaha Motor Corp. USA, Civ. No. 05-153, 2008 WL 976910, *2 (D.Virgin Islands) (D.Virgin Islands April 9, 2008)(stating that "[n]otice serves as

---

Department. The Paterson Police Department was served less than 30 days after the summons was issued. Therefore, Wittig would have been on notice of this action on or close to the same day defendant Paterson Police Department received notice. Thus, Wittig received notice under the identity of interest method within the time frame under Rule 4(m).

the means for evaluating prejudice.")(citing <u>Woods v. Indiana Univ.-Purdue Univ. at Indianapolis</u>, 996 F.2d 880, 888 (7th Cir.1993)).  Under Rule 15, prejudice "is that suffered by one who, for lack of timely notice that a suit has been instituted, must set about assembling evidence and constructing a defense when the case is already stale."  <u>Nelson v. County of Allegheny</u>, 60 F.3d 1010, 1015 (3d Cir. 1995)(citing <u>Curry v. Johns-Manville Corp.</u>, 93 F.R.D. 623, 626 (E.D.Pa.1982)).  Here, the defendants Paterson Police Department and the City of Paterson have been on notice of this case since September 2007.  Defendant Police Department has control over the relevant documents and police personnel with knowledge of the events giving rise to plaintiff's claims.  Thus, the department has been in the position to gather and preserve the evidence that Wittig would need to defend himself.  Thus, the Court concludes that Chief Wittig will not prejudiced in his ability to maintain a defense.

Moreover, because discovery is not scheduled to close until September 10, 2008, <u>see</u> Order dated March 11, 2008, there is sufficient time for Wittig to conduct discovery and participate in the pre-trial proceedings.  For the same reasons, Wittig's addition to the case will not unduly delay the proceedings nor prejudice the other parties as they still have an opportunity to seek discovery from him.

    iv. <u>Mistake</u>

Finally, the Court must consider whether or not Wittig knew or should have known that, but for a mistake, he would have been named as a defendant.  The plaintiff does not explain why he did not name Wittig as a defendant in the original complaint.  The instant motion and the proposed Complaint make clear, however, that the plaintiff was not aware of the Police Chief's name.  Specifically, these documents refer to the Police Chief as James "Tittig" instead of

"Wittig." Thus, it is clear he still is mistaken about the Chief's name.

Moreover, under Rule 15(c), the term mistake is "not limited to cases of misnomer, but rather should be applied with an eye toward whether the [proposed defendant's] awareness that failure to join it was error rather than deliberate strategy," Cimino v. Glaze, 228 F.R.D. 169, 172 (W.D.N.Y. 2005), and also covers cases where "a possibility that the plaintiff may have made a mistake in selecting the original defendants." Sounds Exp. Intern. Ltd. v. American Themes and Tapes, Inc., 101 F.R.D. 694, 697 (S.D.N.Y. 1984)(emphasis in the original)(citing Gabriel v. Kent General Hospital Inc., 95 F.R.D. 391, 395 (D.Del.1982)).  In his original Complaint, the plaintiff made clear that he seeks to hold various defendants liable for engaging in or supervising others who engaged in the alleged violations of federal and state law. See, e.g., Compl. at ¶ 4(b), 4(c). Thus, construing the pro se Complaint liberally, Haines v. Kerner, 404 U.S. 519 (1972), the plaintiff appears to seek to recovery from the actors and their supervisors and it is reasonable to infer that he would have named the Police Chief in his original Complaint as the Chief is the ultimate supervisory official.  Based upon his position as Chief and the nature of plaintiff's allegations against officers under his control for events engaged in as part of their police duties, Wittig should have expected to have been named as a defendant.  Relatedly, the plaintiff named John Doe defendants and this put all of the named parties, including the City and Police Department, on notice that others involved in or who supervised those involved the events underlying plaintiff's claims were likely to be named as defendants.  As such, and given the absence of any evidence or argument that omitting Wittig was part of a deliberate strategy, the plaintiff has shown that but for a mistake, Wittig would have been named in the original complaint.

Thus, as to Wittig, all four Rule 15(c) factors are satisfied and plaintiff's claims against him relate back to the timely filed Complaint and thus are not barred by the statute of limitations.

### III. CONCLUSION

For the foregoing reasons the plaintiff's motion for leave to file an Amended Complaint to add DeSopo is denied and his motion to add Wittig is granted. An Order consistent with this Opinion will be issued.